# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BEATRIZ LAGUERRE SAAVEDRA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>EDITORIAL CULTURAL, INC.,<br><br>Defendant. | CIVIL NO.: 15-2436 (MEL) |

**OPINION AND ORDER**

Beatriz Laguerre Saavedra, et al. ("Plaintiffs") filed a third amended complaint against Editorial Cultural, Inc. ("Defendant") on April 2, 2018. ECF No. 111. Plaintiffs requested that Defendant cancel copyright registration numbers for La Llamarada and La Resaca by Enrique Laguerre, render an account on all units of La Llamarada and La Resaca sold since 2008, and pay actual damages and profits for copyright infringement. Id. at 6. Pending before the court is Defendant's motion for partial summary judgment. ECF No. 113. Defendant argues in its motion for partial summary judgment that Plaintiffs' claim as to the third cause of action (copyright infringement) in the third amended complaint is time barred and should be dismissed with prejudice. Id. at 1. In their response in opposition, Plaintiffs reject the arguments made within Defendant's motion for partial summary judgment. ECF No. 117. Defendant subsequently filed a reply to Plaintiffs' opposition. ECF No. 123.

**I.   STANDARD OF REVIEW**

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992) (citations omitted). Summary judgment is granted

when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodríguez-Rivera v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990)). For issues where the nonmoving party bears the ultimate burden of proof, the party cannot merely "rely on an absence of competent evidence, but must affirmatively point to specific facts [in the record] that demonstrate the existence of an authentic dispute." McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995) (citation omitted). The party need not, however, "rely only on *uncontradicted* evidence . . . . So long as the [party]'s evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (emphasis in original) (citation omitted).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan, 904 F.2d at 115. There is "no room for credibility

2

determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

## II. UNCONTESTED MATERIAL FACTS

On April 12, 2013, the Department of Education of the Government of Puerto Rico ("DE") made purchase orders of three copies of Roberto Ramos Perea's theatrical adaptation of La Llamarada and three copies of Mr. Perea's theatrical adaptation of La Resaca. ECF Nos. 114, at 1, ¶ 1; 118, at 1, ¶ 1. On April 16, 2013, Defendant issued invoices to the DE for the purchase orders. ECF Nos. 114, at 2, ¶ 2; 118, at 1, ¶ 2. On May 24, 2013, the DE paid Defendant's invoices. ECF Nos. 114, at 2, ¶ 3; 118, at 1, ¶ 3.

On May 13, 2013, the DE made purchase orders of 9,000 copies of Mr. Perea's theatrical adaptation of La Llamarada and 9,000 copies of Mr. Perea's theatrical adaptation of La Resaca. ECF Nos. 114, at 2, ¶ 4; 118, at 1, ¶ 4. On May 28, 2013, Defendant requested that Extreme Graphics print 9,000 copies of Mr. Perea's theatrical adaptation of La Llamarada with the DE's logo, 1,000 copies of Mr. Perea's theatrical adaptation of La Llamarada with Defendant's logo, 9,000 copies of Mr. Perea's theatrical adaptation of La Resaca with the DE's logo, and 1,000 copies of Mr. Perea's theatrical adaptation of La Resaca with Defendant's logo. ECF Nos. 125-8; 125-9. In June 2013, Defendant delivered 9,000 copies of Mr. Perea's theatrical adaptations of La Llamarada and La Resaca to the DE. ECF Nos. 114, at 2, ¶ 6; 118, at 2, ¶ 6.

3

On July 18, 2013, Extreme Graphics issued invoices to Defendant for copies of Mr. Perea's theatrical adaptation of La Llamarada and copies of Mr. Perea's theatrical adaptation of La Resaca. ECF Nos. 114, at 2, ¶ 7; 118, at 2, ¶ 7. On July 26, 2013, Defendant issued invoices to the DE for 9,000 copies of Mr. Perea's theatrical adaptation of La Llamarada and 9,000 copies of Mr. Perea's theatrical adaptation of La Resaca. ECF Nos. 114, at 2, ¶ 8; 118, at 2, ¶ 8. On September 3, 2013, the DE paid Defendant's invoices. ECF Nos. 114, at 3, ¶ 9; 118, at 2, ¶ 9.

After June 2013, Defendant did not publish any other copies of Mr. Perea's theatrical adaptations of La Llamarada and La Resaca.[1] ECF Nos. 114, at 3, ¶ 10; 118, at 2, ¶ 10.

## III. LEGAL ANALYSIS AND DISCUSSION

Defendant argues that the third cause of action must be dismissed because is time barred due to the statute of limitations established in 17 U.S.C. § 507(b), which provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." Thus, if the last time the theatrical adaptations of La Llamarada and La Resaca were published was June 2013, the statute of limitations to file a claim for copyright infringement expired in June 2016, and the complaint was not amended to substitute the plaintiff in the third cause of action (copyright infringement) until April 2, 2018.

Plaintiffs raise three arguments as to why the third cause of action is not time barred. First, Plaintiffs contend that when an amendment to the complaint only substitutes the claimant, without adding a claim, Federal Rule of Civil Procedure 17(a) mandates that the action proceed as if it had been originally commenced by the new claimant. Second, Plaintiffs contend that the amendment to the third amended complaint relates back to the date of the original complaint under Federal

---

[1] Plaintiffs admitted Defendant's factual paragraph 10 to the extent that the term "published" refers to the act of having Extreme Graphics print copies of each theatrical adaptation. ECF No. 118, at 2, ¶ 10.

4

Rule of Civil Procedure 15(c) ("Rule 15(c)").  Third, Plaintiffs contend that the statute of limitations for the third cause of action was equitably tolled.

There are no grounds for applying the doctrine of equitable tolling to the matter at hand. See Wilson v. U.S. Gov't, 23 F.3d 559, 561–62 (1st Cir. 1994) ("Wilson asks us to toll the statute of limitations because he purportedly was unaware at the time he filed suit that the United States, rather than GEGS, owned the SEPTAR on which he was injured. He further states that GEGS's delay in filing a motion for summary judgment on these grounds caused undue delay in determining the ownership of the SEPTAR . . . . [W]e see no reason to toll the statute of limitations based on the actions of GEGS in this case."). Further, "in considering the problem of the substituted plaintiff," courts have held that Federal Rule of Civil Procedure 17(a) and Rule 15(c) "harmonize completely." Unilever (Raw Materials) Ltd. v. M/T Stolt Boel, 77 F.R.D. 384, 389 (S.D.N.Y. 1977). Accordingly, a discussion of Federal Rule of Civil Procedure 17(a) is unnecessary.  The analysis will focus on Plaintiffs' argument under Rule 15(c).

Rule 15(c)(1)(C) states that an amendment to a pleading relates back to the date of the original pleading when the amendment changes the party against whom a claim is asserted. Rule 15(c)(1)(C) is satisfied if the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. While "[t]he relation back of amendments changing plaintiffs is not expressly treated in Rule 15(c)," "the attitude taken in . . . Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." Fed.R.Civ.P. 15 Advisory Committee Notes (1966).

In the First Circuit, when an amendment to a complaint substitutes a new plaintiff for the original one, three requirements must be met if the new plaintiff's claim is to relate back. First,

the amended complaint must arise out of the conduct, transaction, or occurrence set forth in the original complaint. Second, there must be a sufficient identity of interest between the new plaintiff, the original plaintiff, and their respective claims so that the defendants can be said to have been given fair notice of the new plaintiff's claim. Third, undue prejudice must be absent. Allied Int'l, Inc. v. Int'l Longshoremen's Ass'n, AFL-CIO, 814 F.2d 32, 35–36 (1st Cir. 1987).

Here, the third cause of action in the third amended complaint clearly arises out of the conduct, transaction, or occurrence set forth in the original complaint because "other than the change in the plaintiff's identity, no new allegations [have been] . . . made. The conduct complained of [i]s precisely the same." Id. at 36.

Turning to the identity of interest requirement, "the cases clearly state that notice is the critical element involved in Rule 15(c) determinations." Staren v. Am. Nat. Bank & Tr. Co. of Chicago, 529 F.2d 1257, 1263 (7th Cir. 1976). Here, Defendant was on notice of the third cause of action from the inception of the suit because the original complaint and the third amended complaint contain the same averment: that Defendant's printing and sale of the theatrical adaptations constituted copyright infringement. See Allied Int'l, Inc., 814 F.2d at 36–37 ("[T]he union was on clear notice of *all* of the actual claims . . . . [B]oth the original and the amended complaints contained the [same] . . . averment."); Staren, 529 F.2d at 1263 ("[S]ubstitution of [plaintiffs] . . . after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based."); Besig v. Dolphin Boating & Swimming Club, 683 F.2d 1271, 1278–79 (9th Cir. 1982) ("Notice from a previous complaint . . . is adequate when substituting plaintiffs . . . [where] the change merely brings in the real party in interest or accomplishes some similar technical result.").

In its reply in opposition, Defendant cites to Young v. Lepone, 305 F.3d 1, 15 (1st Cir. 2002), in which the First Circuit held that stockholders not related to each other except by that status did not share a sufficient identity of interest to meet the requirements of Rule 15(c). However, in that case, the amended complaint sought to *add* claims by new plaintiffs (the stockholders) that *differed* from the original claim. The First Circuit explained that it "repudiate[d] the conceit that an action filed by one plaintiff gives a defendant notice of the impending joinder of any or all similarly situated plaintiffs. Such a rule would undermine applicable statutes of limitations and make a mockery of the promise of repose." Id. at 15-16. Here, Plaintiffs did not add claims to the third amended complaint that differed from the third cause of action, but rather substituted new plaintiffs for the original one in the third cause of action. Thus, Young is inapposite. Compare id. with Allied Int'l, Inc., 814 F.2d at 38 (allowing the amendment of the complaint to *substitute* as plaintiff a corporation that had purchased the assets of the original plaintiff).

As to undue prejudice, on March 21, 2018, a pretrial and settlement conference was held, in which the court granted Plaintiffs until March 26, 2018 to file a third amended complaint only for purposes of amending the third cause of action. ECF No. 124. The court also granted the parties until April 10, 2018 to conclude discovery as to the third cause of action. Id. Not surprisingly, in light of the fact that the parties had already had plenty of time to conduct discovery, the parties did not object to the April 10, 2018 discovery deadline regarding the third cause of action. ECF Nos. 29; 124. Further, Defendant did not move for postponement or enlargement of either the discovery phase regarding the third cause of action or trial. Hence, "[a]ny claim of prejudice under such circumstances is necessarily a feeble one." Allied Int'l, Inc., 814 F.2d at 37.

**IV.	CONCLUSION**

For the foregoing reasons, pursuant to Rule 15(c), the substitution of plaintiffs relates back to the original complaint. Thus, Defendant's motion for partial summary judgment (ECF No. 113) is DENIED.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 11th day of December, 2018.

s/Marcos E. López  
U.S. Magistrate Judge