# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

BEATRIZ LAGUERRE SAAVEDRA, et al.

Plaintiffs,

v.

EDITORIAL CULTURAL, INC.,

Defendant.

CIVIL NO.: 15-2436 (MEL)

## OPINION AND ORDER

Pending before the court is Plaintiffs' motion in limine. ECF No. 150. In the motion in limine, Plaintiffs argue that due to the doctrine of judicial estoppel, Defendant should be precluded from claiming that Enrique Laguerre had no rights over his novels, La Resaca and La Llamarada, once they fell into the public domain.

### I. FACTUAL BACKGROUND[1]

On September 11, 2001, Mr. Laguerre authorized Roberto Ramos Perea to create a theatrical adaptation of his novel, La Resaca. ECF No 84, at 5. On April 29, 2003, Mr. Laguerre authorized Mr. Perea to create a theatrical adaptation of his novel, La Llamarada. Id. at 3. In 2004, Mr. Laguerre created revised and annotated versions of the novels (that is, not the theatrical adaptations) La Resaca and La Llamarada. ECF No. 111, at 3.

### II. PROCEDURAL BACKGROUND

On October 11, 2016, Plaintiffs filed a second amended complaint against Defendant, alleging, among other claims, that Defendant had reproduced and distributed the theatrical

---

[1] The factual findings in the court's opinion and order issued on September 30, 2017 (ECF No. 84, at 3–6) are adopted and incorporated herein by reference.

adaptations of La Resaca and La Llamarada without authorization from Mr. Perea, who held the copyrights. ECF No. 65, at 5. On October 24, 2016, Defendant filed an answer to the second amended complaint, along with a counterclaim. ECF No. 69. In the answer, Defendant argued, among other contentions, that the novels La Resaca and La Llamarada fell into the public domain before 1977. Id.

On September 30, 2016, Defendant filed a motion for partial summary judgment. ECF No. 42. In the motion, Defendant argued that 1) the novels La Resaca and La Llamarada were in the public domain and 2) Mr. Laguerre, not Mr. Perea, had the right to publish the theatrical adaptations of La Resaca and La Llamarada. Id. at 6. In their response in opposition, Plaintiffs conceded that Mr. Laguerre failed to renew copyrights for La Resaca and La Llamarada and thus, that the novels may be in the public domain. ECF No. 72, at 2. However, Plaintiffs drew a distinction between the original versions of La Resaca and La Llamarada and the revised and annotated versions that were created in 2004. Id. at 2–3.

On September 30, 2017, the court issued an opinion and order dismissing Mr. Perea's copyright claim. ECF No. 84, at 8. The court found that the agreements authorizing Mr. Perea to prepare the theatrical adaptations of La Resaca and La Llamarada did not grant him the right to authorize printouts of the adaptations. Id. at 7. Per the terms of the agreements, that right belonged to Mr. Laguerre. Id. The court did not reach a conclusion as to whether the revised and annotated versions of La Resaca and La Llamarada were entitled to copyright protection. Id. at 8.

### III.  ANALYSIS

"As a general matter, the doctrine of judicial estoppel prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." Alternative Sys. Concepts, Inc. v. Synopsys,

Inc., 374 F.3d 23, 32–33 (1st Cir. 2004). Two conditions must be satisfied before judicial estoppel can attach. Id. at 33. First, the two positions must be mutually exclusive. Id. Second, the party pressing the new claim must have persuaded a court to accept its prior position. Id.

The two claims in the case presently at hand are 1) that the novels La Resaca and La Llamarada fell into the public domain before 1977 and 2) that Mr. Perea did not have the right to publish the theatrical adaptations of La Resaca and La Llamarada. The first claim was raised in Defendant's answer to the first amended complaint, which was filed on May 5, 2016.[2] ECF No. 26. The second claim was raised in Defendant's motion for partial summary judgment, which was filed on September 30, 2016. ECF No. 42.

Plaintiffs argue that these claims are directly inconsistent. If La Resaca and La Llamarada fell into the public domain before 1977, Plaintiffs contend, then Mr. Laguerre could not have authorized Mr. Perea to prepare the theatrical adaptations of La Resaca and La Llamarada in 2001 and 2003, respectively. However, Defendant does not appear to have argued that the agreements between Mr. Perea and Mr. Laguerre were *valid*. Instead, Defendant noted that per the terms of the agreements, the right to authorize printouts of the theatrical adaptations of La Resaca and La Llamarada, if they actually belonged to anybody outside of the public domain, belonged to Mr. Laguerre, not to Mr. Perea. Id. at 11–13. Furthermore, even assuming that Mr. Laguerre could derive such authority from the copyrights of the revised and annotated versions of La Resaca and La Llamarada (the existence of which is disputed), those versions were not created until 2004, well after the agreements between Mr. Perea and Mr. Laguerre were executed.

For similar reasons, Plaintiffs are not able to satisfy the second requirement of judicial estoppel. The court previously found that the agreements authorizing Mr. Perea to prepare the

---

[2] This claim was also raised in Defendant's answers to the second amended complaint (ECF No. 69) and the third amended complaint (ECF No. 148).

theatrical adaptations of La Resaca and La Llamarada did not grant him the right to authorize printouts of the adaptations. ECF No. 84, at 7. The court arrived at this conclusion by examining the terms of the agreements. Id. However, the court remained silent as to whether Mr. Laguerre was authorized to enter into such agreements with Mr. Perea in the first place. Id.

Lastly, it should be noted that the motion in limine, which requests that Defendant be precluded from claiming that Mr. Laguerre had no rights over La Resaca and La Llamarada once they fell into the public domain, is for all practical purposes a dispositive motion. This is due to the fact that if the motion is granted, Defendant's counterclaim must be dismissed.[3] However, on May 16, 2016, in an Initial Scheduling Conference Report, the deadline for the parties to file dispositive motions was set to September 30, 2016. ECF No. 28, at 1. On September 12, 2016, Defendant filed a motion for an extension of time to file dispositive motions, which was denied. ECF Nos. 36–37. While a pretrial and settlement conference was held on March 21, 2018, in which the court set a deadline of April 10, 2018 for Defendant to file a dispositive motion, such extension was only for purposes of addressing the statute of limitations arguments. ECF No. 124. Thus, the deadline to file dispositive motions is far behind both parties.

Based on the foregoing analysis, Plaintiffs' motion in limine is hereby DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of January, 2019.

s/Marcos E. López<br>U.S. Magistrate Judge

---

[3] The counterclaim alleges that the publishing agreements between Plaintiffs and Defendant were fraudulently induced *because* Mr. Laguerre had no rights over La Resaca and La Llamarada once they fell into the public domain. ECF No. 148, at 15.